Gurung v. Holder

BIA
Videla, IJ
A099 697 077

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:
 DENNIS JACOBS,
 ROBERT D. SACK,
 DENNY CHIN,
  *Circuit Judges.*

_____

BIPULA GURUNG,
  *Petitioner,*

 v.                                    13-594
                                       NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:   Julie Mullaney, Mount Kisco, New York.

FOR RESPONDENT:   Stuart F. Delery, Deputy Assistant Attorney General; Ernesto H. Molina, Assistant Director; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bipula Gurung, a native and citizen of Nepal, seeks review of a January 31, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") August 31, 2011, denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bipula Gurung*, No. A099 697 077 (B.I.A. Jan. 31, 2013), *aff'g* No. A099 697 077 (Immig. Ct. N.Y. City Aug. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Gurung's, governed by the REAL

2

ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on inconsistencies among (and an omission in) Gurung's testimony, application, and documentary evidence. As the agency found, the record reflects numerous inconsistencies related to Gurung's claim that Maoists targeted her based on her political opposition and refusal to fund them. Gurung testified that she protested Maoists' financial demands at her hotel company's meeting on political grounds, though her application stated she argued financial hardship, and she ultimately conceded that she had

3

not voiced any political views.  She provided inconsistent dates for her employment with the hotel and another employer (Cunard), and when she attended college.  Similarly, it was questionable whether she was in Nepal when she said she was kidnapped and assaulted by Maoists: she testified that the attack happened between August 2004 and February 2005, but could not explain why her passport contained entries (a Nepali exit stamp dated August 2004 and a Maltese entry stamp from November 2004) that place her outside of Nepal during that period.  The particulars of her kidnapping also changed: she testified that a Maoist displayed a gun to her to force her into a private van, but her application states that she was only told about the gun and was taken in a taxi.

Gurung's testimony also conflicted with evidence of her involvement with a pro-democracy student union: (1) she testified that she was the union chairperson, though letters from the union did not so indicate, and she later denied being a chairperson; (2) she testified to joining the union in 1997 and 1996, but the letters indicated both 1995 and 1997, and her application stated 1995; (3) she testified that the union letter with the 1997 date was a correction,

but both letters reflected the same issue date; and (4) she testified that she collected the letters, but then stated that someone else did. She further undermined her credibility by testifying that she had declared all her income in her 2009 and 2010 tax returns, but the returns reflected less than half of her purported wages.

Gurung has failed to resolve these discrepancies. She cited bad memory and ignorance of the tax laws. The IJ reasonably expected her to remember important events; and Gurung admitted that she could read English and knew that she made more money than the amount reported for taxes. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an IJ is not required to credit an explanation for an inconsistency unless a reasonable fact finder would be compelled to do so). Nor was the IJ compelled to credit Gurung's explanation that a private van and taxi are the same in Nepal because she did not offer this explanation when first confronted with the inconsistency. *See id.* The IJ therefore reasonably relied on these inconsistencies and omission to support the adverse credibility determination. Given that the inconsistencies affect every part of Gurung's testimony, calling into question not only her allegations of past harm, but whether she was even present in Nepal at the

5

relevant time, the totality of the circumstances supports the adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. The adverse credibility determination in this case necessarily precludes success on Gurung's claims for asylum, withholding of removal, and CAT relief, because the only evidence of a threat to Gurung's life or freedom, or likelihood of torture, depended upon her credibility and she did not independently establish eligibility. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6